UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA,

   Plaintiff,

v.             Case No. 2:08-cr-00226

JOSEPH PAUL YOUNG,

   Defendant.

MEMORANDUM OPINION AND ORDER

   Pending before the court is the United States of America's ("the government") "Amended Motion to Authorize Payment from Inmate Trust Account," (ECF No. 142) filed on June 15, 2021, to which defendant Joseph Paul Young ("Young") filed a response on July 1, 2021, (ECF No. 143); Young's motion to Make a Restitution Payment and for Appointment of Counsel, (ECF No. 144) filed on June 24, 2022; and Young's motion entitled "Motion for Appointment of Attorney," (ECF No. 152) filed on October 1, 2024.[1] On August 11, 2025, Young filed an objection (ECF No. 155) to the court's order denying Young's recusal motion entered on July 24, 2025. (ECF No. 154).

---

[1] Also pending is the government's initial Motion to Authorize Payment from Inmate Trust Account (ECF No. 141). However, due to the filing of the amended motion, it is hereby ORDERED that the initial motion (ECF No. 141) is DENIED AS MOOT.

I.    <u>BACKGROUND</u>

Young is serving a 240-month term of imprisonment, to be followed by a three-year term of supervised release, upon his guilty plea to one count of knowingly and intentionally taking from the person and presence of another by force, violence and intimidation, money belong to and in the care, custody, control, management and possession of Summit Community Bank, Inc., whose deposits were insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. § 2113(a).  ECF No. 42. Young was ordered to pay a $100 special assessment and $45,460.00 in restitution, with interest.  <u>Id.</u>  A judgment order ("Judgment") to that effect was entered by the Honorable Joseph R. Goodwin on June 23, 2009.  <u>Id.</u>  The plea agreement specified that Young agreed that the sum of $16,850 seized from him by law enforcement on the day of his arrest would be applied towards his restitution.  ECF No. 29.  Young agreed that monies from the sale of his 2008 Chevrolet Silverado vehicle would also be applied towards his restitution.  <u>Id.</u> at 4.  It is noted that the United States released the vehicle to the lienholder for repossession and no funds have been received.  ECF No. 150.

The record supplied by the Clerk of the Court reflects that Young has been credited with $18,215.13 towards restitution and has a total outstanding debt of $27,344.87 (not including

interest) as of July 24, 2025. That record is ORDERED filed in this case. An analysis of the state of the account relating to the restitution is summarized, _infra_, at 13.

According to the government's motion, Young has accumulated $5,203.11 in his inmate trust account and a hold has been placed on those funds by the BOP. ECF No. 142 at 2. The government, under 18 U.S.C. §§ 3613(a) and 3664(n), moves for an order authorizing the BOP to turnover all but $300 of the accumulated funds in the inmate trust account towards Young's restitution. _Id._ Although section 3664(n) is not further mentioned by the government, presumably it is contending that the accumulated funds constitute a "substantial resource" pursuant to section 3664(n), which is considered below. _Id._ The government further contends that Young's restitution serves as a "current obligation" and "presently enforceable" lien on his property and that the government has a right to collect his inmate trust account funds to satisfy his restitution obligation pursuant to 18 U.S.C. § 3613(a) and (c). _Id._ at 2.

Young asserts that he agreed to the application to his restitution of $17,500 he says was seized from him on the date of his arrest, but that the government has allegedly not so applied those funds. _Id._ at 1-2. In fact, the plea agreement specifies that the actual sum that was seized was "$16,850," which the

Clerk's record shows was credited towards his restitution on November 4, 2009, when it was received from the FBI. ECF No. 29. Young further asserts that the government has placed a lien of $8,236.46 on his trust fund account and is allegedly attempting to "steal" $3,033.35 from him. Id. at 2. Young's motion offers to make a lump sum restitution payment of $4,118.23 (half of the amount allegedly in his account at the time). Id. at 3. However, he requests that the remaining funds be "unfrozen" and made available to him for other purposes. Id. at 3-4.

On April 26, 2023, the court directed Young to execute an Authorization to Release Institutional Account Information for an in-camera review of his inmate account statement for the previous three years. ECF No. 149. Young's authorization was received on May 15, 2023. ECF No. 151.

On October 1, 2024, Young filed a motion entitled "Motion for Appointment of Attorney," in which he requests the court appoint him an attorney and alleges that the government's encumbrance on his inmate trust account funds is unconstitutional under the Eighth Amendment. ECF No. 152.

## II.  <u>DISCUSSION</u>

### A. Inmate Trust Account Funds

Young's Judgment sets forth the following special instructions as to the payment of restitution:

> The defendant shall pay the $45,460 in restitution in monthly installments of $50 per quarter, with the first payment becoming due six months after the defendant commences his term of imprisonment and $200 per month beginning 30 days after his release from incarceration until the obligation is paid in full...

ECF No. 42 at 6.

Notably, Young's restitution obligation was not ordered to be "due immediately" or for payment to "begin immediately." <u>Id.</u>

Federal courts are required to impose restitution "in the full amount of each victim's losses" notwithstanding the economic circumstances of the defendant.  18 U.S.C. § 3664(f)(1)(A).  A restitution obligation is "due immediately unless the court specifies otherwise — namely, by providing for payment on a date certain or in installments." <u>See</u> <u>United States v. Buzzard</u>, No. 21-7487, 2023 WL 3378985, *1 (4th Cir. May 11, 2023) (citing 18 U.S.C. § 3572(d)(1)).  In determining the manner and schedule of payment in which the restitution is to be paid, 18 U.S.C. § 3664(f)(2) provides that the court must consider:

(A)  the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;

(B)  projected earnings and other income of the defendant; and

(C)  any financial obligations of the defendant; including obligations to dependents.


A sentence imposing a restitution order is a final judgment that may not be modified absent one of several enumerated statutory exceptions.  18 U.S.C. § 3664(o); <u>United States v. Grant</u>, 715 F.3d 552, 557 (4th Cir. 2013).  18 U.S.C. § 3664(k) provides that a court may "adjust the payment schedule, or require [a] change [to] immediate payment in full" if it finds a "material [change] in the defendant's ability to pay restitution."  The government may seek the enforcement of a restitution obligation "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law," 18 U.S.C. §§ 3613(a) and (f), and "by all other available and reasonable means," 18 U.S.C. § 3664(m)(1)(A)(ii).

The government appears to rely upon 18 U.S.C. § 3664(n).  Although not specifically so stated in its motion, the government may be contending that the accumulated funds in defendant's inmate account constitute "substantial resources" under § 3664(n) which provides as follows:

>(n) If a person obligated to provide restitution ... receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, ... such person shall be required to apply the value of such resources to any restitution ... still owed.

18 U.S.C. § 3664(n).

That payment requirement is triggered only if the defendant is under a current obligation to satisfy the judgment. See United States v. Bratton-Bey, 564 F. App'x 28, 29-30 (4th Cir. 2014) ("a court may accelerate a restitution order under Section 3664(n) only if the defendant is under a current obligation to satisfy the order.") (emphasis in original); see also United States v. Roush, 452 F. Supp. 2d 676, 682 (N.D. Tex. 2006) (barring the government from garnishing the defendant's bank account before any restitution was due on the ground that "there is presently nothing for the government to enforce").

In determining whether a current obligation exists, the Fourth Circuit has recently expressed that the "due immediately" language in a judgment is relevant to a determination that the debt is a "current obligation" that is fully enforceable despite a payment plan method. See Buzzard, 2023 WL 3378985 at *2. In Buzzard, the court found that the district court abused its discretion by ordering withdrawal of accumulated funds from the defendant's inmate trust account towards restitution that was not otherwise a current obligation. Id. at *2. The court ultimately

noted that "given [the] schedule of payments, the express limitations placed on the amount the Government can recover from Buzzard while he remains incarcerated, and the lack of language in the order providing that restitution is otherwise due immediately," there existed no current obligation that the restitution order be presently satisfied.  <u>Id.</u>

"When a restitution order specifies an installment plan, unless there is language directing that the funds are also immediately due, the government cannot attempt to enforce the judgment beyond its plain terms absent a modification of the restitution order or default on the payment plan."  <u>See</u> <u>United States v. Hughes</u>, 914 F.3d 947, 949 (5th Cir. 2019); <u>see also</u> <u>Bratton-Bey</u>, 564 F. App'x at 29-30 (Because written judgment omitted finding that payment thereof was due immediately, "Bratton-Bey was under no obligation to pay restitution until his release from imprisonment."); <u>see</u> <u>United States v. Corbett</u>, No. 2:10-cr-00015-1, 2021 WL 744161 (S.D. W. Va. Feb. 25, 2021) (collecting cases where the express language in judgment ordered that restitution is due immediately and in full permitted payment of accumulated funds notwithstanding installment payment plan); <u>United States v. Phoenix</u>, No. 5:17-cr-226-FL, 2021 WK 5871904, *8 (E.D.N.C. Jan. 8, 2021) (same).

In this case, Young's Judgment does not signify that his restitution is a current obligation due immediately. Not only does the Judgment set forth that Young's restitution will be payable in installments, but the Judgment also omits any language indicating that the restitution is owing and due immediately. ECF No. 42. As observed by the Fourth Circuit in <u>Buzzard</u>, the express conditions outlined in the Judgment as well as the lack of due immediately language does not suffice to establish a "current obligation" that triggers Section 3664(n). Consequently, outside of the installment payments ordered in the Judgment, Young has no current obligation to satisfy the restitution order, and the government is not entitled to the immediate turnover of Young's inmate trust account under section 3664(n).

The government also asserts that it is entitled to the funds in Young's inmate trust account by virtue of 18 U.S.C. § 3613(c), which provides:

> [A]n order of restitution... is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986. The lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated under subsection(b).

While it is true that an order of restitution creates a lien in favor of the United States under 18 U.S.C. § 3613(c), the

"government's ability to enforce a judgment under section 3613 is perforce limited to the rights and obligations created by the judgment." See Roush, 452 F.Supp.2d at 681. The court in Roush emphasized that it would upset the balance set by the court when it established the payment schedule to allow the government to execute on the full amount of restitution at any time it chooses. Id. at 676. The government may enforce payment pursuant to section 3613 only to the extent that restitution payments are currently due and owing under the installment plan fixed under section 3664(f)(2), or as modified under section 3664(k).

B. Eighth Amendment Claim

Next, the court considers Young's contention that the government's encumbrance on his inmate trust account funds is unconstitutional under the Eighth Amendment. ECF No. 152.

The Eighth Amendment establishes that, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The United States Supreme Court has held that "the word 'fine' was understood to mean a payment to a sovereign as punishment for some offense." Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 265 (1989). The Excessive Fines Clause "limits the government's power to extract payments, whether in cash or in

kind, as punishment for some offense." <u>United States v. Bajakajin</u>, 524 U.S. 321, 383 (1998).

The Supreme Court held that the Eighth Amendment's Cruel and Unusual Punishment Clause "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" <u>See Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994). In order to sustain an Eighth Amendment claim, a prisoner must show: (1) "the deprivation must be, objectively, 'sufficiently serious;'" that is, "denial of 'the minimal civilized measures of life's necessities;'" and (2) the prison official had a "'sufficiently culpable state of mind;'" that is, "'deliberate indifference' to inmate health or safety." <u>Id.</u>, at 834. (Citations omitted.)

Here, Young cannot establish that a temporary freeze on his inmate trust account funds constitutes the type of payment needed to violate the Excessive Fines Clause. In stating a claim under the Excessive Fines Clause, a permanent deprivation of property can be considered a payment, but a temporary freeze cannot. <u>See Austin v. United States</u>, 509 U.S. 602, 622 (1993); <u>Coleman v. Watt</u>, 40 F.3d 255, 263 (8th Cir. 1994). Additionally, Young does not present circumstances that establish the temporary

11

freeze of his inmate trust funds have deprived him of "the minimal civilized measure of life's necessities" as prohibited under the Cruel and Unusual Punishment Clause.  See Hudson v. McMillan, 503 U.S. 1, 9 (1992).  Consequently, the temporary freeze of Young's inmate trust funds does not constitute an excessive fine nor does it rise to the level of cruel and unusual punishment prohibited by the Eighth Amendment.

C. Appointment of Counsel

The court determines that Young has no constitutional right to counsel in post-conviction proceedings.  See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), and although the court has discretion to appoint counsel to a financially eligible person when appointment would be "in the interests of justice," 18 U.S.C. § 3006(a)(2)(B), the court concludes, in light of the analysis and discussion herein, that appointment of counsel is unnecessary and not in the interests of justice.

D. Summary

The Judgment, entered on June 23, 2009, ordered Young to pay $50 per quarter beginning six months after the commencement of his imprisonment.  ECF No. 42.  From January 1, 2010, to June 30, 2025, a total of 15 ½ years have elapsed in which Young was required to pay $3,100.00 in restitution.  The record supplied by the Clerk

of the Court reflects that as of July 24, 2025, Young has paid a total of $2281.63 over the period that specified payment of $3,100.00 in $50 quarterly installments. Accordingly, the balance still owed by Young during the specified time period, being $818.37, shall be deducted from the inmate trust account funds in issue, whether $5,203.11 or $8,236.46, and paid to the Clerk of Court for application to the restitution, with the remaining funds to be released to him.

### III. <u>CONCLUSION</u>

Accordingly, it is ORDERED that:

(1) The government's Motion to Authorize Payment from Inmate Trust Account (ECF No. 142) be, and hereby is, GRANTED to the extent of $818.37 and otherwise DENIED;

(2) The hold in Young's inmate trust account remaining after deduction therefrom of the $818.37 be Removed;

(3) Young's motion to "Make a Restitution Payment and for Appointment of Counsel," (ECF No. 144) be, and hereby is, GRANTED only to the extent that his remaining funds in excess of the $818.37 are released to him;

(4) Young's "Motion for Appointment of Attorney," (ECF No. 152) be, and hereby is, DENIED; and

(5)   Young's objection (ECF No. 155) to the court's July 24, 2025, order be, and hereby is, DENIED as moot.

The Clerk is directed to transmit copies of this memorandum opinion and order to the defendant and to the counsel of record, who shall provide the same to the financial officer at defendant's prison for further action in accordance herewith.

ENTER:  August 20, 2025


_____
John T. Copenhaver, Jr.
Senior United States District Judge

14